### F. M. Bain v. B. F. Simpson et al.

Delivered March 26, 1898.

**Public Lands—Constitutional Law—Leases and Homestead Donations.**

Section 6, article 14, of the Constitution, granting homestead donations of 160 acres of public land to heads of families does not deprive the Legislature of power to authorize the Commissioner of the General Land Office to make leases of the public domain as provided in the Act of 1895.

Appeal from Motley. Tried below before Hon. S. I. Newton.

*W. M. Smith* and *Johnson & Fires*, for appellant.

*Ed. E. Diggs*, for appellee.

STEPHENS, Associate Justice.—The petition of appellant, to which a general demurrer was sustained, resulting, upon his declining to amend, in a dismissal of his suit, and hence in this appeal, stated his case, as set out in the brief, as follows:

"On the 1st day of April, 1897, the Hon. A. J. Baker, Commissioner of the General Land Office, executed and delivered to appellant a written lease conveying to appellant for the term of five years from the date of said lease the land described in appellant's petition, the same being unappropriated public domain of the State. The appellant made payment as required by law of the first year's rental money in advance, and complied with other requirements of law. He placed his lease upon the records of Motley County (where the land was situated), and took possession of said land in good faith under his lease, and had erected and was erecting thereon substantial improvements—had put a well, windmill, etc., on said land, at great expense to appellant. The land is chiefly valuable for grazing, and water can not be obtained conveniently on said land except at enormous cost to appellant, far greater than the use of the land would justify. The appellant prayed for an injunction restraining appellees. * * * On the 1st day of May, 1897, the defendants entered upon and ejected plaintiff from his said lands so leased to him by the Commissioner of the Land Office, took possession of the well and windmill, etc., and of the grass and water upon said premises."

In addition to the prayer for injunction, both temporary and perpetual, the petition contained a prayer for the possession of the premises and for damages, and "for such other relief as petitioner may show himself to be entitled either in law or equity."

The action of the court in dissolving the temporary injunction seems to be sustained by the authorities cited by the appellees. Lutcher v. Northworthy, 27 S. W. Rep., 630, and the authorities there cited by Justice Williams of the First Supreme Judicial District.

But it does not follow from this conclusion that the petition was subject to a general demurrer. The suit was in effect one to recover the

possession of the land by virtue of a lease from the Commissioner of the General Land Office, the petition charging the appellees to be trespassers. This lease was made under the Act of 1895 (p. 63), and the question we are invited to determine is whether the Legislature had the power to authorize the Commissioner of the General Land Office to lease the public lands of Texas.

Article 14, section 6, of the Constitution, contains the following provision: "To every head of a family without a homestead there shall be donated 160 acres of public land, upon condition that he will select and locate said land, and occupy the same three years, and pay the office fees due thereon."

It is contended on the part of the appellees that this provision of the Constitution took from the Legislature the power to lease lands thus conditionally donated, and therefore that the lease set up by appellant as the foundation of his right was void; but we are inclined to the opinion that the act of the Legislature under which the lease was made should be construed as intended to authorize the lease of the public lands in subordination to rather than in conflict with the constitutional provision quoted. The donation is not absolute, but only upon condition that the quantity of land donated be first selected and located, and then occupied for the space of three years, by the head of a family without a homestead.

The petition not only failed to show that the appellees or any of them had complied or offered to comply with this condition, but it negatived any such idea. We are therefore of opinion that the general demurrer should have been overruled, and the judgment is consequently reversed and the cause remanded for a new trial.

*Reversed and remanded.*